**IT IS SO ORDERED.**

**SIGNED THIS: April 21, 2005**

*/s/ Gerald D. Fines*
**GERALD D. FINES**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JANE L. WAGNER, ) | Bankruptcy Case No. 03-93077 |
| ) | |
| Debtor. ) | |
| | |
| YOUNG KI YOON, Individually and as ) | |
| Personal Representative of Naeun Yoon, ) | |
| Deceased; Sung Hee Yoon, Individually; ) | |
| Bo Han Yoon, Individually; and Boeun ) | |
| Yoon, Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Case No. 05-9010 |
| ) | |
| JANE L. WAGNER, ) | |
| ) | |
| Defendant. ) | |

OPINION

   This matter having come before the Court on a Motion to Dismiss Complaint to Determine Dischargeability filed by Debtor/Defendant, Jane L. Wagner; the Court, having heard arguments of counsel, reviewed the written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In the instant adversary complaint, the Plaintiffs seek to have a wrongful death judgment, entered in the State Court in Virginia, to be determined non-dischargeable in the Debtor/Defendant's bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(9) and 11 U.S.C. § 523(a)(6). The Debtor/Defendant has filed a motion to dismiss both Counts I and II of the Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In this case matters outside of the pleadings are presented in support of the Debtor/Defendant's motion; thus, pursuant to both Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure made applicable to this proceeding under Rule 7056 of the Federal Rules of Bankruptcy Procedure.

Pursuant to 11 U.S.C. § 523(a)(9), a debtor may be denied a discharge under Chapter 7 of the Bankruptcy Code "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." The plaintiff bears the burden of proof by a preponderance of the evidence to establish the elements of 11 U.S.C. § 523(a)(9). Grogan v. Garner, 498 U.S. 279; 111 S.Ct. 654 (1991). In this case, there is no evidence of intoxication. In the Virginia case, there was no evidence that the Debtor/Defendant consumed alcohol or any other intoxicating substance on the day of the accident. Further, there were no blood alcohol or breath test results. There were no witness allegations that the Debtor/Defendant evidenced any signs of intoxication, nor did the police report contain any suggestion of intoxication. The Debtor/Defendant was not charged with driving under the influence, and the Plaintiffs pursued the State Court claim without ever alleging or attempting to prove that the Debtor/Defendant was driving under the influence of any intoxicating substance. The mere allegation in Count I of the instant adversary proceeding that the Debtor/Defendant was intoxicated at the time of the accident is nothing

2

more than speculation. Given the extensive nature of the State Court proceeding, this Court finds that that speculation is not sufficient to establish intoxication as required under 11 U.S.C. § 523(a)(9), and that Count I must be dismissed as a matter of law.

Under Count II of the Plaintiffs' complaint, Plaintiffs seek to have the State Court judgment determined to be non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6). Pursuant to § 523(a)(6), Plaintiffs must prove that the Debtor/Defendant's actions giving rise to the injury complained of were both willful and malicious, and that the Debtor/Defendant intended the injury complained of. See: Kawaauhau v. Geiger, 523 U.S. 57 (1998). In order to state a claim under 11 U.S.C. § 523(a)(6), a plaintiff must specifically plead and prove that the debtor caused a deliberate or intentional injury to the plaintiff. Mere negligence or recklessness is not sufficient. This requires the plaintiff to allege facts which demonstrate that the debtor's act was done with the actual intent to cause injury. In re DeMarco, 240 B.R. 282 (Bankr. N.D. Ill. 1999). In this proceeding, the Plaintiffs allege no facts which demonstrate that the Debtor/Defendant acted with actual intent to injure the Plaintiffs. Additionally, it is clear that, in the State Court proceeding in Virginia, the Plaintiffs' State Court complaint for a finding of willful and wanton misconduct was denied by that Court, as was a request for punitive damages. Based upon the Doctrine of Collateral Estoppel, this Court finds that the Plaintiffs are estopped from relitigating the issue of willful and malicious injury in this proceeding. See: In re Goldzweig, 65 B.R. 63 (Bankr. N.D. Ill. 1985); and In re Martinez, 110 B.R. 353 (Bankr. N.D. Ill. 1990). It is clear that a defendant who acts willfully as defined by the Supreme Court in Geiger, supra, interpreting 11 U.S.C. § 523(a)(6), will always satisfy the Virginia standard for willful and wanton conduct. Given that the State Court in the Virginia case struck the punitive damage claim and entered judgment in the Debtor/Defendant's favor on that claim, it was making an actual determination that the Debtor/Defendant's conduct was not willful. Given this result, this

Court must find that Count II of the Plaintiff's Complaint to Determine Dischargeability must also be dismissed.

###